| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

United States of America §
ex rel. Richard Drummond §
§
      Plaintiff, §
§
versus §      Civil Action H-08-2441
§
BestCare Laboratory Services, LLC, et al., §
§
      Defendants. §

## Opinion on Reconsideration

1. *Introduction.*

BestCare Laboratory Services, LLC, and Karim Maghareh ask the court to reconsider the partial judgment of August 21, 2014. That judgment required BestCare to pay the United States $10.6 million for billing Medicare for travel expenses it did not incur. Because BestCare has not submitted convincing reasons to reconsider the court's partial judgment, its motion will be denied.

2. *Facts.*

BestCare billed Medicare for all the miles a specimen traveled, even when that specimen was not accompanied by a technician. Instead of prorating a trip that collected several specimens, it calculated the maximum number of miles a technician theoretically could have traveled to collect each specimen and return it to the laboratory.

3. *Reconsideration.*

BestCare asks to (a) change the amount it owes based on an additional government calculation of that amount, (b) subtract the amount it actually paid for falsely billed travel expenses, and (c) subtract the taxes it paid on the overcharged reimbursement.

In support, BestCare introduced one calculation that the government made to determine how much it had paid BestCare in unearned costs showing that it had paid approximately $3.4 million.

The government has tried to figure out the amount BestCare owes four times. The four amounts are $10.6 million, $11.2 million, $10.7 million, and $3.4 million. The $3.4 million assessment was made on a much-restricted set of claims, and it was made for an agency proceeding to exclude BestCare from future eligibility for Medicare payments.

BestCare also claims that the $10.6 million figure does not account for what it actually paid to transport the specimens. The $10.6 million amount included an offset for legitimate travel expenses. By statute, the government may pay only the travel expenses of a technician who traveled to a patient to take a sample,[1] not all the costs associated with moving a sample from one place to another, and not all the costs a technician could theoretically have incurred.

TrailBlazer, a government contractor that processed Medicare claims, published manuals for laboratories like BestCare. Its 2007 manual says "Laboratories will not be allowed to bill for more miles than are *reasonable* or for miles not *actually traveled* by the laboratory technician."[2] The government calculated that it had paid BestCare approximately $11.2 million. Its expert subtracted BestCare's legitimate expenses – determined by its technician travel logs – to reach $10.6 million of overcharges.

BestCare wants more. It wants to be credited for the money it spent pursuing its billing scheme. An official who must forfeit a bribe he took would not receive an offset for half the cost of hiring a courier to pick up the bribe simply because that courier also picked up his office mail. If someone can with equal efficiency send a letter by mail for 50¢ or by FedEx for $25, he should be reimbursed for the 50¢, not the $25.

BestCare wants to decrease the amount it owes the government by the amount it was taxed on that income. BestCare's having paid taxes on the

---

[1] 42 U.S.C. § 1395l(h)(3)(B).

[2] Pls.' Mot. Summ. J. Ex. D, ECF No. 87-5 (italics added).

overcharges it must now return does not reduce the amount that the government paid on its fictitious claims.

4. *Conclusion.*

This case has gone on for over eight years. BestCare has run through three sets of lawyers. In succession, they have presented new theories, none of which has had any merit except delay. BestCare and Maghareh's motion for reconsideration will be denied.

Signed on October 20, 2016, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge

~~P:\Opinions\Working Odd\Drummond BestCare Reconsideration.wpd~~