# KREINDLER & ASSOCIATES

Mitchell R. Kreindler  
mkreindler@blowthewhistle.com  
www.blowthewhistle.com

9219 Katy Freeway, Suite 206  
Houston, TX  77024-1514  
Fax: 713.647.8889  
713.647.8888

June 6, 2017

The Honorable Lynn N. Hughes  
United States District Court  
515 Rusk Street, Room 11122  
Houston, Texas  77002

      Re:    *United States ex rel. Drummond v. BestCare Laboratory Services, et al;*  
              No. 4:08-cv-02441 (S.D. Tex.)

Dear Judge Hughes:

      On behalf of relator, Dr. Richard Drummond, I ask that you expedite the resolution of this case.

      As you know, Dr. Drummond filed this case on August 6, 2008, almost nine years ago. Three years ago, the Court entered a $10.6 million partial judgment against defendant BestCare Laboratory Services and its principal, Karim Maghareh, an amount that the Court recognized represents "a fraction of the transgressions in this case," noting that "the court has considered only bills for over 400 miles of travel — the most egregious cases." *Opinion on Partial Judgment* at 4 (Aug. 21, 2014) (Dkt. 107). Shortly after entering partial judgment, the Court convened a November 12, 2014 hearing on the government's motion for summary judgment under the False Claims Act (Dkt. 96). The government's motion has now been pending for over three years.

      Since that time, the case has languished while the defendants have continued to enjoy the fruits of their wrongdoing. Dr. Drummond has watched as BestCare and Maghareh continued to build their laboratory business on an unlevel playing field, one where they possess a multimillion dollar capital advantage. Small, independent laboratories that serve nursing homes represent an industry with exceedingly slim profit margins. According to one study by the Department of Health Policy at the George Washington University, almost half of such labs report margins of 0-3%, while over 70% report margins of less than 6%. Consequently, BestCare's multimillion dollar fraud has given it tremendous market advantages.

      BestCare has translated that "fraud capital" into growth at the expense of companies that played by the rules and did not have the benefit of millions of dollars in extra funds. Since this case was filed, no fewer than six competitor laboratories have left the market, allowing BestCare to grow, despite the Court's $10.6 million judgment.

      The United States and Dr. Drummond believe that the evidence presents no

The Honorable Lynn N. Hughes
June 6, 2017
Page 2

genuine dispute as to any material fact and entitles them to judgment as a matter of law under the False Claims Act. Should the Court, however, believe that factual or legal issues prevent such a ruling, we ask that you share the Court's analysis with the parties so that the issues can properly be addressed at the upcoming conference.

The delay in resolving this case has undeniably benefited the defendants at the expense of law-abiding competitors. Dr. Drummond has respectfully encouraged the Court to resolve the pending motions without success.[1] With no final, enforceable judgment, and none in sight, the prejudice created by delay brings to mind the legal maxim that "justice delayed is justice denied." The relator's and government's right to resolution of this case, through summary adjudication or trial, is indisputable. Should the Court be unable to resolve the pending motions or establish a firm trial date within the next 45 days, Dr. Drummond believes he has no realistic recourse to achieve justice other than to seek a writ of mandamus from the Court of Appeals.

Dr. Drummond does not take this action lightly, particularly because he and I are personally fond of Your Honor and appreciate the professional courtesies that you have extended and your intellectual ability to cut to the heart of the matter. Nevertheless, there is an overarching need to resolve this case and prevent the defendants from continuing to profit from their fraudulent conduct.

Thank you for considering this request. Dr. Drummond and I look forward to appearing before you at the June 21 conference.

Sincerely,

Mitchell R. Kreindler

cc:   Counsel of Record

---

[1] *See Relator's Motion for a Status Conference* (Dkt. 129) (seeking "the Court's assistance in advancing the progress of the case"); *Relator's Motion for Expedited Decision or Case Management Conference* (Dkt. 131) (asking "the Court to expedite decisions on four pending motions or schedule a case management conference to discuss a schedule to address remaining discovery and a trial date"); *United States' and Relator's Request for Status Conference and Clarification of Order* (Dkt. 186) (seeking, in part, to "discuss a scheduling order to provide for limited additional discovery and establish a trial date").