| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

United States District Court
Southern District of Texas
**ENTERED**
October 18, 2017
David J. Bradley, Clerk

| | | |
|---|---|---|
| United States of America, *ex rel.*, <br> Richard Drummond, <br><br> Plaintiffs, <br><br> *versus* <br><br> BestCare Laboratory Services, LLC, *et al.*, <br><br> Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action H-08-2441 |

## Response to the Application

1. *The Beginning.*

    Although Richard Drummond filed his complaint in August of 2008, this case really began in November 2011, when the government filed its complaint after deciding to intervene in September. The initial conference was held in January of 2012.

2. *Progress.*

    The government, BestCare Laboratory Services, LLC, and Karim Magareh contributed to this case in fits and starts. They moved piecemeal, "discovered" new evidence at random intervals, and exchanged incomplete data. The court had to order complete disclosure several times.

    In December of 2011, BestCare and Magareh moved to dismiss the case. The court denied that motion in June 2012. In August, the government moved for partial summary judgment. By December, the parties had decided to try mediation, but it was ultimately unsuccessful, which the parties told the court on February 28, 2013.

    In September 2013, BestCare and Magareh moved for summary judgment. After a hearing, the court denied both the government's and their motions without prejudice and had the parties exchange more data because the earlier data were incomplete.

    In October, the government again moved for partial summary judgment on its unjust enrichment and payment by mistake claims. The following month, BestCare and

Magareh again moved for summary judgment. In March 2014, the government moved for partial summary judgment under the False Claims Act. In August, the court ordered a partial judgment for the government on its unjust enrichment and payment by mistake claims and denied BestCare and Magareh's motion.

In June of 2015, Magareh moved to reconsider his personal liability. In March of 2016, the court agreed to reconsider it. In May, the government moved for summary judgment on Magareh's personal liability. The next month, BestCare and Magareh moved to reconsider the partial judgment against BestCare. In October, the court denied reconsideration of the partial judgment.

3. *Drummond's Weak Participation.*

Drummond started this case – he filed the complaint. As the relator, his only remaining right is to take a quarter of the government's recovery. He is an interested party, not a controlling party, and certainly not a contributing party. He filed 11 of the 202 docket entries – eight by himself and three with others. Those that he filed by himself respond to BestCare and Magareh's motions and prod the court to move faster. For instance, in July 2015, he moved for a status conference, in November, he moved for an expedited decision, and in June 2017, he sent the court a letter asking for a faster decision. Otherwise, the government did everything. It produced documents, compiled data, and organized evidence. Other than submitting his statement, Drummond did not contribute or organize evidence.

BestCare, Magareh, and the government all moved slowly and spasmodically – requiring new discovery at random, giving each other incomplete data when ordered to give complete data, coming up with new evidence, filing supplemental responses to motions already responded to, and sur-replying without permission. Drummond did not oppose either side's motions for continuance, nor did he prompt the government to prosecute faster.

4. *The End.*

This case will come to an end – soon. The court is drafting opinions on personal liability and the False Claims Act.

Signed on October 18, 2017, at Houston, Texas.

Lynn N. Hughes
United States District Judge