UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas

**ENTERED**
December 28, 2017
David J. Bradley, Clerk

United States of America, *ex rel.*, §
Richard Drummond, §
§
      Plaintiffs, §
§
*versus* §     Civil Action H-08-2441
§
BestCare Laboratory Services, Inc., *et al.*, §
§
      Defendants. §

## Opinion on Personal Liability

1.     *Introduction.*

A laboratory billed the people of the United States of America $10.6 million in travel expenses that it did not incur. This court decided that the United States could recoup its money from the laboratory. It wants to recover from the laboratory's president, too. He says that he should not be held personally liable. The government prevails.

2.     *Background.*

Karim Maghareh and his wife, Farzaneh Rajabi, founded BestCare Laboratory Services, LLC, in 2002. Maghareh owns 51% and Rajabi owns 49%. As a closely held corporation, it does not pay income taxes directly – its revenue is directly allotted to Maghareh and Rajabi.

BestCare operates a diagnostic laboratory in Webster, Texas – a suburb of Houston – where it tests specimens primarily from disabled and elderly patients. In addition to its operations in Houston, it has workers in Dallas, San Antonio, and El Paso. They collect specimens to be tested in Webster. The government agreed to limit this case to bills for specimen-collection trips of more than 200 miles one-way.

BestCare billed Medicare for all the miles a specimen itself traveled, even when that specimen was not accompanied by a technician. BestCare's workers

shipped specimens on flights to Houston for roughly $100 per batch. The workers did not travel from these cities to Webster with the specimens. Neither did they travel from Webster to Dallas, San Antonio, and El Paso to collect the specimens. A worker accompanied these specimens only when someone from the Dallas, San Antonio, or El Paso laboratory collected them and delivered them to the local airport and when someone from the Webster laboratory retrieved the batches from Houston's airport.

When a technician did drive to other laboratories or homes to collect samples, he collected several at a time, sometimes from multiple locations. BestCare billed these trips as though the samples were returned one-by-one to Webster when collected. Instead of prorating these trips as logic and the regulation require, it calculated the maximum number of miles a technician theoretically could have traveled to collect each specimen and return it to the laboratory.

Magareh is the president of BestCare. He is in charge of the company, including its finances. He hired everyone who worked in billing, and he fired some. As the "managing or directing employee," he signed BestCare's enrollment agreement with Medicare, by which BestCare agreed to bill honestly. His signature appears as the "physician or supplier" on every claim for code P9603 – the problem here.

Magareh also controls BestCare's proceeds. His wife and he used the company credit card for personal expenses, including clothing, jewelry, and travel. They used that card's bonus points to purchase airline tickets. From 2005 to 2011, they paid themselves $12,426,629.00 from BestCare in corporate distributions in addition to their salaries.

This court has decided that the government could recover from BestCare on its theories of unjust enrichment and payment by mistake.

3.   *Analysis.*

The government may recover money it mistakenly paid from the party who received the funds.[1] It may also recover from a third-party into whose hands the funds flowed if that person participated in and benefitted from the transaction.[2]

A substantial portion of BestCare's revenue came from billing for miles the samples traveled without a technician.

- 37.9% of total revenue, 2006 to 2010
- 70.3% of Medicare revenue, 2005
- 83.2% of Medicare revenue, 2007

Medicare was the main source of BestCare's revenue from 2004 to 2008, and most of what it paid BestCare was for miles.

For example, in 2007, Medicare paid BestCare $9,580,320. Of that, $7,973,583 was for miles. That year, Magareh took $5,227,980 in distributions from BestCare – more than 50% of its revenue from Medicare.

The receipt of $12 million on top of his salary from BestCare was a benefit that came from the mistakenly paid funds. He used the company credit card and its points for himself.

In an already-rejected argument, he says that his liability should be reduced by the amount he has already paid in taxes. The court remains unconvinced. A bank robber who dutifully pays his taxes may petition the Internal Revenue Service for a refund, but he may not have his restitution reduced.

Magareh directed the claims for the funds. He was the president of BestCare and one of its two shareholders. He cannot pretend not to have known what was happening.[3] He kept records of the actual miles the technicians

---

[1] *United States v. Wurts*, 303 U.S. 414 (1938).

[2] *LTV Education Systems, Inc., v. Bell*, 862 F.2d 1168 (5th Cir. 1989).

[3] *See* Tex. Bus & Com. Code Ann. §3.102(b) (West 2006); *Bates v. Dresser*, 251 U.S. 524 (1920).

traveled, so he could pay them accordingly. He hired and fired the billing personnel. He signed BestCare's Medicare enrollment agreement.

Magareh imagines that the electronic signature that is an essential part of Medicare claims was accidentally or malevolently put on the forms by rogue workers at his clinic. Nothing supports him. As owner-president, the claim was his. These millions of dollars in claims – 40% of his revenue – went unchecked and unaudited for years. The data were in his files. If they were errors, he has made several justifications for them, such as his having been misled by a person at Medicare. Assuming they were errors, they were his, and he must restore the money. Magareh's signature appeared on every Medicare claim. He authorized the staff to sign for him. He did not imagine that the billing staff were signing for themselves, receiving payments from Medicare themselves, or otherwise going into business for themselves. It is his name on the Medicare claims. He is bound by these authorized signatures to the same extent that he would be bound had he signed them himself.[4]

4. *Conclusion.*

Karim Magareh is personally liable for the funds that the government paid BestCare Laboratory Services, LLC, by mistake.

Signed on December 28, 2017, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge

---

[4]*See, e.g.,* Tex. Bus & Com. Code Ann. §§1.007, 3.402 (West 2002); *Echkart v. Reidel,* 16 Tex. 62 (1856).

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |

United States of America, *ex rel.*, §
Richard Drummond, §
§
      Plaintiffs, §
§
*versus* §    Civil Action H-08-2441
§
BestCare Laboratory Services, Inc., *et al.*, §
§
      Defendants. §

## Order on Personal Liability

Karim Magareh is personally liable for the funds that the government paid BestCare Laboratory Services, LLC, by mistake.

Signed on December 20, 2017, at Houston, Texas.

                                          Lynn N. Hughes
                                  United States District Judge