# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# Houston Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* RICHARD DRUMMOND, | § § § | |
| *Plaintiffs,* | § | Civil Action No. H-08-2441 |
| v. | § § | |
| BESTCARE LABORATORY SERVICES, LLC and KARIM A. MAGHAREH, | § § § § | |
| *Defendants.* | § | |

## RELATOR'S SECOND SUPPLEMENTAL REPLY

Relator Richard Drummond submits new authority in support of his motion for statutory attorneys' fees, costs and expenses (Dkt. 220) as further grounds for rejecting Defendants' arguments that Dr. Drummond is only entitled to recover for work performed prior to the Government's intervention and that Relator should be penalized for time entries that were "block billed." *Defs. Resp.* at 8-10.

In a situation nearly identical to the one pending here, defendants in a False Claims Act *qui tam* case opposed relator's request for statutory fees, arguing that the district court should "reduce all hours billed [by relator's counsel] post-intervention by 75 percent because any work undertaken after the Government intervened was unnecessary." *United States ex rel. Cretney-Tsosie v. Creekside Hospice II, LLC,* 2018 U.S. Dist. LEXIS 157961, *14 (D. Nev. Sept. 17, 2018) (attached as Exhibit 1). United States District Judge Andrew Gordon rejected the argument:

> But the FCA does not relegate the relator to a spectator's role upon Government intervention. While the Government has the "primary responsibility for prosecuting the action," the relator has "the right to continue as a party to the action," subject to certain restrictions. The statute also incentivizes the relator's participation by considering the extent to which the relator "substantially contributed to the

1

> prosecution of the action" in determining the percentage share of the recovery the relator receives.
>
> The Government can limit the relator's participation in a case, but the relator is still an active participant. The provisions in the FCA that give the relator a role in the action when the Government intervenes serve "the additional purpose of giving a relator the incentive to act as a check that the government does not neglect evidence, cause undue delay, or drop the false claims case without legitimate reasons." "The qui tam relator may participate in discovery, engage in motions practice, and participate at trial" after the Government intervenes.
>
> While [defendant] Creekside objects to the level of [relator] Cretney-Tsosie's participation, there is no evidence that the Department of Justice similarly objected. The Government has ample power to control the relator's participation, and it did not attempt to curb Cretney-Tsosie's participation. In fact, it supported Cretney-Tsosie's efforts. The majority of hours billed post-intervention were devoted to tasks relators frequently undertake. I see no reason to reduce post-intervention hours.

*Id.* at *14-15 (footnotes and citations omitted).

Similar to another argument made here by Defendants, *Defs. Resp.* at 9, defendants in *Cretney-Tsosie* argued that relator's attorneys' fees be reduced by 20% as a result of some time entries being block billed. The Court also rejected that argument:

> Block billing is generally disfavored because it makes it more difficult for courts to discern how much time was spent on particular activities. But review of the challenged entries here shows that they sufficiently detail the character of work done and are reasonable based on the nature of the case and the outcome. Based on this review and in light of the voluntary reduction to the lodestar, I will not reduce the total hours requested for block billing.

*Id.* at *9.

*Cretney-Tsosie* provides further support for the positions advanced by Dr. Drummond. The Court should reject Defendants' suggestion that relator's attorneys' fees be reduced for time incurred after the government's intervention or as a result of block billing.

Respectfully submitted,

/s/ Mitchell Kreindler

Mitchell R. Kreindler (Texas Bar No. 24033518)
Melissa Neiman (Texas Bar No. 24056028)
KREINDLER & ASSOCIATES
7676 Hillmont Street, Suite 240A
Houston, Texas 77040
713.647.8888
mkreindler@blowthewhistle.com
mneiman@blowthewhistle.com

ATTORNEYS FOR QUI TAM RELATOR
RICHARD DRUMMOND

**CERTIFICATE OF SERVICE**

I certify that on September 18, 2018, Relator's Second Supplemental Reply was filed electronically and service accomplished automatically through the Notice of Electronic Filing issued by the Court's Electronic Case Filing (ECF) System on all counsel of record.

/s/ Mitchell Kreindler